## WASHINGTON ICE CO. *v.* WEBSTER.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF MAINE.

No. 150. Argued January 30, 31, 1888. — Decided April 2, 1888.

In Maine, the plaintiff in a replevin suit for ice, gave a bond, with sureties, to the defendant, in the penalty of $30,000, conditioned to prosecute the suit to final judgment, and pay such damages and costs as the defendant should recover against them, " and also return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment." The ice was stated in the bond to be of the value of $15,000. In the suit there was a judgment for a return of the ice to the defendant, and for an amount of damages ascertained by the jury by allowing interest from the time the ice was taken, on a sum found to have been its value where and when it was taken, and also allowing the expenses of the defendant in preparing to remove the ice. The damages were paid but the ice was not returned. In a suit on the bond, *Held*,

(1) The plaintiff in that suit was entitled to recover what the jury in the replevin suit had found to have been the value of the ice where and when it was taken, with interest thereon from the date of the verdict in the replevin suit;

(2) It was not competent for the obligors in the bond to show that the ice was of less value than the amount stated in the writ of replevin and the bond; but it was competent for the obligee to show that such value was greater;

(3) The finding of the jury in the replevin suit as to the value of the ice where and when it was taken, was competent and conclusive evidence, as against the obligors, of such value.

DEBT upon a replevin bond. Judgment for plaintiff. Defendant sued out this writ of error. The case is stated in the opinion of the court.

*Mr. Albert P. Gould* for plaintiffs in error.

*Mr. Benjamin F. Butler* for defendant in error.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

On the 12th of August, 1870, the Washington Ice Company, a New York corporation, procured from the Supreme Judicial Court of the State of Maine a writ of replevin, directed to the sheriff of the county of Lincoln, in that State, commanding him to replevy " a certain lot of ice, being about thirty-eight hundred tons of ice, now lying and being in certain ice-houses situate in the town of Boothbay, in the county of Lincoln and State aforesaid, and owned or occupied by Nathaniel Webster, of Gloucester, in the county of Essex and Commonwealth of Massachusetts, of the value of fifteen thousand dollars, belonging to the Washington Ice Company, . . . now taken and detained by Nathaniel Webster, . . . and them deliver unto the said The Washington Ice Company," and summon the defendant to appear before the court within and for the county of Lincoln on the fourth Tuesday of October, 1870, to answer unto the plaintiff in a plea of replevin, for that the defendant, on the 1st of August, 1870, at said Boothbay, unlawfully took the goods of the plaintiff as aforesaid and them unlawfully detained; " provided they, the said plaintiffs, shall give bond to the said defendant, with sufficient sureties, in the sum of thirty thousand dollars, being twice the value of the said goods and chattels, to prosecute the said replevin to final judgment, and to pay such damages and costs as the said defendant shall recover against them; and also to return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment."

The sheriff made a return to the writ, dated August 13th, 1870, as follows: " By virtue of his writ I have taken the ice

within named, as the property of the within-named Washington Ice Company, and, on the nineteenth day of August, A.D. 1870, I delivered said ice to Hiram Perkins, whom the Washington Ice Co. designated as their agent to receive said ice; and, on the nineteenth day, I summoned the within-named Nathaniel Webster, by reading this writ in his presence and hearing, for his appearance at court — the quantity replevied, by actual weight, being about twenty-five hundred tons."

Webster pleaded the general issue to the writ, at October Term, 1871, and filed a brief statement and special matter in defence, setting forth, that, at the time of the alleged taking, as stated in the writ, the ice named therein was not the property of the plaintiff, nor had the plaintiff any right to the possession thereof, but it was the property of the defendant and one Babson, and was rightfully in the possession of the defendant, and was wrongfully taken from his possession by the plaintiff; and prayed judgment for the return of the ice in like good order and condition as when it was taken from the possession of the defendant, and for damages for such taking and detention, and for costs.

The case came on for trial before a jury, and evidence was put in; but the case was taken from the jury and submitted to the full court, on the report of the evidence by the judge, and transferred to the Supreme Judicial Court for the Middle District. It was there heard, and is reported as *Washington Ice Co.* v. *Webster*, 62 Maine, 341.

It is there stated, that the case came before the full court under an agreement that, if the action was maintainable, it was to stand for trial, but otherwise a nonsuit was to be entered. On June 26, 1874, the order of the full court was received, in these words: "The nonsuit to stand, judgment for return of the goods replevied, damages to the time of taking to be assessed at *nisi prius*, if the defendant so elect, or he may, if he prefer, resort to his remedy on the bond." The case was then continued to October Term, 1874, when the defendant elected to have his damages assessed by a jury. The case was then continued to April Term, 1875, when leave was granted to the officer who served the writ, to amend his

return thereon in accordance with the facts; and thereupon he made the following as his amended return, which was allowed by the court, such amended return bearing date August 13, 1870: "By virtue of this writ, having first taken a bond as prescribed by law, I have this day replevied all the ice by me found in the ice-houses within mentioned, all of which said ice I caused to be weighed on delivery at the wharf in said Boothbay, about three miles from said ice-houses, being the nearest place thereto where ice could be shipped — twenty-two hundred and ninety-seven tons and nineteen hundred and twenty-one pounds of which was thus weighed on successive days, portions of it on each week day between the twenty-third day of August, 1870, and the sixteenth day of September, 1870, and thirty-three tons and nineteen hundred and thirty pounds thereof was thus weighed on three several days between the twenty-sixth day of September, 1870, and the twenty-sixth day of October, 1870, the whole of said ice thus taken by me weighing twenty-three hundred and thirty-one tons and eighteen hundred and fifty-one pounds, and, on the nineteenth day of said August, 1870, I delivered all the said ice at said ice-houses to the plaintiff, reserving to myself authority to weigh the same; and, on the nineteenth day of said August I summoned the within-named Nathaniel Webster to appear at court, as within directed, by reading this writ aloud in his presence and hearing."

. The action of replevin was tried by a jury, and the presiding judge submitted to them to find, in addition to their verdict, answers to two questions; and the jury, on the 14th of May, 1875, returned the following verdict: "The jury find that the defendant was damaged by reason of the taking of the property replevied in the suit, and assess damages for the defendant in the sum of six thousand five hundred and fifty-five dollars." They also returned answers as follows to the questions submitted to them: "First. What was the value of the ice replevied, where it was situated, at the time it was taken in this suit? Answer. Twenty thousand and sixty-nine dollars and thirty-three cents. Second. What damage did the defendant sustain by reason of the taking of the ice in

replevin, on account of the preparations he had to make to remove it? Answer. Eight hundred and thirty-five dollars and twenty-five cents." The plaintiff filed exceptions to the rulings of the judge in matters of law, and also moved to set aside the verdict. The evidence was reported to the full court, and the case was transferred to the Supreme Judicial Court for the Middle District, where it was heard, and is reported as *Washington Ice Co.* v. *Webster,* 68 Maine, 449. The decision of the court was, that the motion and exceptions should be overruled. Thereupon, a judgment was rendered by the lower court, on the 4th of May, 1878, that the property replevied be returned and restored to Webster irrepleviable, and that he recover against the Washington Ice Company $7723.98, damages for the taking and detaining of the property replevied, being the amount of the verdict, with interest thereon to the date of the judgment, and also $477.67, costs of suit.

On the 31st of July, 1878, a writ of return was issued on the judgment. It recited that the Washington Ice Company had replevied the 2331 tons and 1851 pounds of ice, of the value of $20,069.33, and set forth the terms of the judgment for the return, and for the recovery of the $7723.98 damages for the taking and the $477.67 costs, and commanded the sheriff that he forthwith return and restore the said property to Webster, and collect the said sums of money from the Washington Ice Company, with interest from the 4th of May, 1878. On the 19th of August, 1878, a demand was duly made upon the Washington Ice Company, for the return of the ice mentioned in the writ of restitution.

On the 17th of September, 1878, the Washington Ice Company paid to Webster $8379.36 in full for such damages and costs, and interest. The receipt given by Webster for the amount contained this clause: "This receipt not to affect any further claim of the within-named Webster for the ice named in said writ, or for any further damages or costs that may be recovered or recoverable by said Webster."

Before delivering the ice to the plaintiff in the original writ of replevin, the sheriff, as commanded by the writ, and as

stated by him in the amended return, exacted a bond in the penalty of $30,000, dated August 12, 1870, executed by the Washington Ice Company, as principal, and Josiah H. Drummond and William E. Gould, to Webster, the condition of which was as follows: " The ·condition of the above obligation is such, that, whereas the said·The Washington Ice Company have this day commenced against the said Nathaniel Webster an action of replevin for a certain lot of ice, being about thirty-eight hundred tons of ice, now lying and being in certain ice-houses situate in the town of Boothbay, in the county of Lincoln, and State of Maine, owned or occupied by Nathaniel Webster, of Gloucester, in the county of Essex and Commonwealth of Massachusetts, of the value of fifteen thousand dollars, which they say the said Nathaniel Webster has unlawfully taken: Now, therefore, if the said The Washington Ice Company shall prosecute the said replevin to final judgment, and pay such damages and costs as the said Nathaniel Webster shall recover against them, and also return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment, then the said obligation to be void; otherwise, to remain in full force."

On the 13th of February, 1879, Webster brought the present action of debt, in the Circuit Court of the United States for the District of Maine, against the Washington Ice Company and Drummond and Gould, founded on the said bond. The defendants appeared, and by their plea prayed oyer of the bond and its condition, and set forth the condition, and pleaded that they had kept all the conditions of the bond except the following, namely, " and also return and restore the same goods and chattels in like good order and condition as when taken, in case such shall be the final judgment;" that, as to that condition, they had not kept it; that final judgment had been rendered against them in the replevin suit mentioned in the condition, for a return of the goods and chattels replevied therein; that they had not returned the same to the plaintiff according to the requirement of said condition; and that they, therefore, submitted to the judg-

ment of the court and prayed that they might be heard by the court in equity in the assessment of the damages for the breach of the last mentioned condition.    On the 12th of October, 1880, the defendants filed an offer to be defaulted, and that judgment might be rendered against them for $16,000 and legal costs, and execution might issue against them for the same.    That offer was declined by the plaintiff on the 1st of November, 1880.    At September Term, 1882, the case was tried before the Circuit Court on the filing of a written stipulation waiving a jury.    At the conclusion of the trial, the court directed a judgment for Webster against the defendants to be entered, for $28,990.14, and costs, which was done.   To review that judgment, the defendants have brought this writ of error.

There is a bill of exceptions, upon which various questions are raised by the plaintiffs in error.    At the trial, the plaintiff introduced in evidence the original writ of replevin in the suit in the state court, the return and the amended return, the pleadings in that suit, the record of the judgment and of the proceedings of the court therein, and the two orders of the full court.    The defendants objected to the admission of the following question to the jury and their answer thereto, recited in the record of the proceedings in the replevin suit, namely : " What was the value of the ice replevied, where it was situated at the time it was taken in this suit ?    Answer. Twenty thousand and sixty-nine dollars and thirty-three cents."    The court overruled the objection and admitted the question and answer, and the defendants excepted.

The plaintiff then introduced in evidence the writ of return, and the fact of the making upon the defendants of the demand for the return of the ice replevied, and the receipt given by him to the Washington Ice Company for the damages, costs, and interest awarded by the judgment of May 4, 1878. He also introduced in evidence the bond sued upon.

The bill of exceptions then proceeds as follows : " The plaintiff thereupon contended, that the defendants were estopped to deny that the goods replevied were at least of the value set forth in the writ of replevin and in the replevin

bond, (being the bond in suit,) at whatever time that value is to be assessed, but that the plaintiff was not precluded from showing that they were of greater value.

"The defendants claimed that they were not thus estopped or precluded, and offered evidence to show that the value of the ice replevied was less than ten thousand dollars, at whatever time such value is to be assessed, and submitted to the court the following prayer for a ruling on this subject, viz.: That the defendants are not estopped to prove that the value of the goods replevied was less than fifteen thousand dollars by reason of the insertion of that sum in the replevin writ and bond as the value of the goods which the officer in that writ was commanded to replevy.

"The court rejected the evidence offered, and overruled this prayer of the defendants, and ruled that the defendants are estopped as is contended by the plaintiff, and that the plaintiff is not precluded from showing that the value of the goods replevied was more than fifteen thousand dollars. To which rejection of evidence and ruling the defendants then excepted.

"The defendants contended that the statement of the officer who served the replevin writ, in his returns thereon, of the quantity of goods actually taken by him on the writ of replevin, is competent and conclusive evidence of that quantity, in the trial of this action upon the replevin bond, and submitted to the court a prayer for a ruling to that effect.

"The plaintiff contended that the statement of the officer, in his return, of the quantity of ice replevied, being indefinite in the first return, and in the amended return being of weights taken at a different place from that at which the ice was replevied, and at subsequent times from that of the taking, was not evidence of the quantity of the ice replevied.

"The court overruled the said prayer of the defendants in this respect, and ruled that neither of the returns was conclusive evidence of the quantity taken by the officer upon the replevin writ. To which rulings the defendants then excepted.

"It was admitted by the plaintiff that the damages which were assessed in the action of replevin, for the taking and detention by the plaintiff in that action, of the property

replevied therein, with the interest thereon, and the costs recovered in that action, with interest thereon, have been fully paid, and that the judgment in that action, awarding to the defendant in the same the sum of seven thousand seven hundred and twenty-three dollars and ninety-eight cents damages, and his costs of suit taxed at four hundred and seventy-seven dollars and sixty-seven cents, has been fully satisfied.

"Thereupon the defendants contended, that the damages which the plaintiff is entitled to recover in this action are the value of the goods replevied, or of goods of like description, character, and intrinsic value, at the date of the judgment in the action of replevin, and of the order therein that the property replevied be returned and restored to the said Nathaniel Webster, with interest thereon; and they offered evidence to prove, that the value of ice of like description, character, intrinsic value, and quantity as that replevied, at the place where the ice was replevied, and also at the place where the demand upon the writ of return was made, was less than ten thousand dollars at that time. The court rejected the evidence offered, and overruled this prayer of defendants. To which rejection of evidence and ruling defendants then excepted.

"The defendants thereupon offered evidence to prove that the value of the ice replevied was less than ten thousand dollars at the time the demand was made upon the defendant, The Washington Ice Company, upon the writ of return issued pursuant to the judgment, in the action of replevin, for a return of the goods replevied, viz., August 19th, A.D. 1878, and presented a prayer to the court for a ruling that the damages which the plaintiff is entitled to recover in this action are the value of the goods replevied, or of goods of like quantity, description, character, and intrinsic value as those replevied, at the date of said demand. But the court rejected the evidence offered, overruled this prayer of the defendants, and ruled that the plaintiff in this action is entitled to recover the value of the ice replevied at the time it was taken by the officer upon the replevin writ. To which rejection of evidence and rulings the defendants then excepted.

"The plaintiff contended that the finding of the value of

the ice replevied, by the jury which assessed the damages for taking the ice upon the replevin writ, against the plaintiff in that suit, in answer to the question submitted to them in that trial, 'What was the value of the ice replevied, where it was situated, at the time it was taken in this suit?' as appears in the record of the proceedings in the action of replevin, is evidence in this action upon the bond, and is conclusive against the defendants of the value of the ice, in determining the amount which the plaintiff is entitled to recover in this action, and moved the court for an entry of judgment against the defendants, for the sum found by the jury in answer to that question, viz., the sum of twenty thousand and sixty-nine dollars and thirty-three cents, with interest thereon from the date of that finding, and that execution issue for such sum.

"The defendants resisted this motion, and contended that the value of the ice replevied was not a legal issue in the replevin action, and that they were not precluded from showing that the value of the ice was less than the sum thus found; and that said question and answer were not evidence to be taken into consideration in determining the amount which the plaintiff is entitled to recover in this action upon the bond; and they further contended, that, if the finding of value in the action of replevin furnished the rule of damages to be assessed in this action, interest thereon should be cast only from the date of the demand upon the writ of return, and not from the date of that finding by the jury.

"The court overruled the defendants' position, sustained the motion of the plaintiff, and ruled that the finding of value by the jury in the action of replevin was conclusive against the defendants, and ordered judgment to be entered for the sum of twenty-eight thousand nine hundred and ninety dollars and fourteen cents damages, and that execution issue for that sum, that being the amount of the said sum of twenty thousand and sixty-nine dollars and thirty-three cents, with interest thereon from the date of said finding, May 14, 1875. To which rulings of the court, order, and decision, and entry of judgment for damages, and each and every of them, defendants then excepted."

The positions of the parties as thus set forth in the bill of exceptions are those taken by them on the argument before this court. The material question in the case is, what damages the defendant shall pay for the failure to return the 2331 tons and 1851 pounds of ice to the plaintiff, after judgment for its return was rendered. The jury in the replevin suit assessed the damages of Webster at the sum of $6555. They also found the value of the ice replevied, where it was situated at the time it was taken in the replevin suit, to have been $20,069.33. The ice was taken, under the writ of replevin, on the 13th of August, 1870. The verdict of the jury was rendered on the 14th of May, 1875. The interest on $20,069.-33, at the rate of 6 per cent per annum, from August 13, 1870, to May 14, 1875, a period of four years and nine months, was $5719.75. Add to that the sum of $835.25, found by the jury to be the damage sustained by Webster by reason of the taking of the ice in replevin, on account of the preparations he had to make to remove it, and it makes a total of $6555, which was the exact amount assessed by the jury as damages by reason of the taking of the property replevied. Thus, in the judgment in the replevin suit, Webster recovered, as damages, in addition to the $835.25, interest at the rate of 6 per cent per annum on $20,069.33, the value of the ice, where it was situated, at the time it was taken, from August 13, 1870, to May 14, 1875; and, in the present suit, he has recovered on the bond the sum of $20,069.33, as the value of the ice, where it was situated, at the time it was taken, and interest on that sum, at the rate of 6 per cent per annum, from May 14, 1875, to the date of the verdict of the jury in the present suit, such interest amounting to $8920.81. Therefore, in the two suits, taken together, Webster has recovered, as the value of his ice unlawfully taken from him by the writ of replevin on the 13th of August, 1870, its value as it was situated at that time, $20,-069.33, and interest thereon from that date, at 6 per cent. per annum, to the date of the verdict of the jury in the present suit on the bond. This is equal and exact justice, and no more, so far as he is concerned. So far as the principal and the sureties in the bond are concerned, they obligated themselves

that the principal should return and restore the goods taken on the writ of replevin, "in like good order and condition as when taken." The article taken was ice, a perishable commodity. None of that taken on the 13th of August, 1870, can be supposed to have been in existence when the judgment of May 4, 1878, for its return, was rendered, or when the writ of return of July 31, 1878, was issued, or when the demand of August 19, 1878, for the return, was made. The same quantity of ice which was taken on the writ was, by the bond, to be returned, in like good order and condition as when taken. If a part of it had been returned in like good order and condition, and the rest of it had not been returned at all, or returned not in such like good order and condition, the obligors in the bond would have been liable for the value, at the time when taken, of what was not returned, and for the depreciation in value of what was not returned in like good order and condition. In no other manner could the condition of the bond have been satisfied, and the defendant in the writ of replevin have been made whole, according to the intent and purpose of the writ and of the bond, and of the statute of Maine, under which the bond was given. The writ and the bond were in the form prescribed by statute.

The principal argument on the part of the defendants in the present suit is, that in the statute of Maine, Rev. Stat. 1857 and 1871, c. 96, § 11, which provides, that, in a replevin suit, "if it appears that the defendant is entitled to a return of the goods, he shall have judgment and a writ of return accordingly, with damages for the taking and costs," the words "damages for the taking" mean all damages resulting from the taking and detention of the goods; that, if the defendant in replevin recovers judgment for a return of the goods replevied, he may, at his election, have the damages which he has sustained by reason of the taking and detention of them, to the time of such judgment, assessed in the replevin suit, or he may recover those damages in a suit on the bond, but cannot have both; that, if he elects, as he did in the present case, to have his damages assessed in the replevin suit, he cannot, in a subsequent suit on the bond, founded on a failure to return the

goods, recover-any damages which accrued prior to the judg-
ment in the replevin suit, and, therefore, cannot recover for
any depreciation in the value of the goods which occurred
between the time of the taking and the date of the judgment
of return; that any damages collectible for such depreciation
must, if the defendant makes the election referred to, be as-
sessed in the replevin suit, as an item of damages resulting from
the detention of the goods; and that, as the plaintiff in this
suit failed to have such damages assessed in the replevin suit,
he cannot recover them in the present suit.

This point seems to us, at best, to be altogether technical,
and not to be founded on any sound principle. By the terms
of the bond, it was made enforceable against the principal and
sureties if the principal should not pay such damages and costs
as Webster should recover against it, and should not also re-
turn and restore the goods replevied in like good order and
condition as when taken. Under the condition of the bond,
the sureties were liable to pay the damages recovered against
the principal by the judgment of May 4, 1878, in case the prin-
cipal had not paid them, as it did. By the judgment in the
present suit, they are only made liable according to their obli-
gation, that their principal shall return and restore the goods
in like good order and condition as when taken. Such we
consider to have been the effect of the rulings of the state court
in the replevin suit, in 62 and 68 Maine.

In the case in 62 Maine, the court, commenting upon the
above recited provision of the Revised Statutes of 1871, c. 96,
§ 11, says, (p. 361:) "When the defendant makes a good title
to the goods replevied, he is entitled to damages for the inter-
ruption of his possession, the loss of the use of the goods from
the time of their replevin till their restoration, and for their
deterioration." It also says, (p. 362:) "The damages are to be
assessed to the time of the verdict for the defendant, upon the
principles adopted in trover, save that the value of the property
is not to be included therein." It also says, (p. 363:) "It seems,
therefore, fully settled that in a replevin suit, when damages
are not assessed at *nisi prius*, or where a nonsuit is entered,
the defendant, when the property replevied is not returned,

may recover all damages sustained, in a suit upon the replevin bond." It also says, (p. 363,) that the plaintiff "is bound by his replevin bond to restore the goods in like good order and condition as when taken. He is responsible, if judgment is against him, for the damaged or deteriorated condition of the goods when restored." Again, it says, (p. 364:) "When goods not held under legal process are replevied, and after entry of the action the plaintiff becomes nonsuit and a return is ordered, but the goods replevied are not forthcoming on demand, the defendant, in a suit on the bond, is entitled to recover, as damages, the value of the goods when taken, and interest thereon from the service of the writ to the time of the rendition of judgment." Again, (p. 364:) "If the market value of the goods replevied shall be less at the time of the demand on the writ of return, than when the goods are taken, the loss must fall on the plaintiff, by whose wrongful act the defendant is deprived of his property. Besides, the plaintiff, having possession, might have sold them, which the defendant could not do."

It is contended for the defendants, that, in this suit on the replevin bond, Webster is entitled to recover, as damages, only the value of the goods replevied, on the 19th of August, 1878, the date of the demand on the writ of return, with interest thereon; and some expressions of the court in the decision in 62 Maine, supposed to tend in that direction, are referred to. But they are wholly inconsistent with the other expressions of the court, above quoted, and contrary to reason and justice, in their application to the present case, and also to authority.

One of the expressions thus relied on by the defendants is this, ( p. 363:) "The damages being assessed to the time of the verdict, if the goods replevied are not forthcoming on demand on the writ of return, the defendant, in a suit by him on the replevin bond, will be entitled to recover, as damages, the value of the goods replevied at the date of the demand on the writ of return, with interest thereon, the damages and costs assessed in the replevin suit, and interest. *Swift* v. *Barnes*, 16 Pick. 194." But a reference to the case of *Swift* v. *Barnes* shows that the remark of the court had reference to a case where the value of the property replevied had risen,

at the time of the demand on the writ of return, beyond what it was at the time it was taken. The Massachusetts statute and practice in regard to replevin are the same as in Maine. The principle declared in *Swift* v. *Barnes* was, that the successful defendant in replevin was entitled to a full indemnity; that the plaintiff in replevin, who caused the property to be valued, might well be bound by the valuation, when it was made to appear that the action was groundless; that it by no means followed that the other party, who had no agency in the valuation, was also to be bound; that the plaintiffs in the suit on the bond were entitled to a full indemnity for the damages sustained by the non-performance of the condition of the bond, and that could not be obtained unless they should be allowed to recover the actual value of the property replevied at the time when it ought to have been restored on the writ of restitution; and that, in the case then before the court, that was the true measure of damages.

In *Parker* v. *Simonds*, 8 Met. 205, it is said that the property in *Swift* v. *Barnes* had risen in value after it was replevied; and, in *Parker* v. *Simonds*, as some of the property had been sold at the time of the demand, and some was deteriorated and depreciated in value by use, the court said that the value at the time of the demand would not be the measure of damages without a proper allowance for the depreciation.

The rule in Massachusetts seems well settled. In *Leighton* v. *Brown*, 98 Mass. 515, which was a suit on a replevin bond, the value of the property, at the time of the demand for its return, was greater than the penal sum of the bond, but though the obligors contended that the proper measure of damages was its appraised value or its value at the time it was replevied, the court said: "The appraisal made in the replevin suit is conclusive against the party by whom it was made. *Parker* v. *Simonds*, 8 Met. 205. But it is not admissible in evidence against the present plaintiff, who, as defendant in the replevin action, had no agency in procuring this valuation. *Kafer* v. *Harlow*, 5 Allen, 348. In the present case, the value was greater at the date of the final judgment ordering a re-

turn than at the date of the appraisal. The value at the date of a demand for the restoration of the property in compliance with the order of return is the measure of damages for which the plaintiff contends, and to which, in the opinion of the court, he is entitled. *Swift* v. *Barnes*, 16 Pick. 194."

In *Tuck* v. *Moses*, 58 Maine, 461, the market value of the replevied property had increased from the time it was replevied to the time of the judgment for a return, and it was held, in a suit on the bond, that the defendants were liable for the value of the property at the date of the judgment for a return, with interest at six per cent from the date of that judgment to the date of the judgment on the bond.

It is, therefore, manifest that the court, in its opinion in 62 Maine, did not mean that the time of the demand on the writ of return was to be taken as the time for fixing the value of the property in any other case than one where there had been an increase in the value from the time of the taking, to the benefit of which increase the defendant in the replevin suit was entitled.

We see nothing inconsistent with these views in *Stevens* v. *Tuite*, 104 Mass. 328. In that case the defendant in a replevin suit had a judgment therein for a return, and for damages assessed by computing interest on the appraised value of the goods replevied, from the date of the writ of replevin to the date of the judgment; and, in a subsequent suit on the bond, he sought to recover, not only the value of the property, with interest from the date of the demand under the judgment, but damages for inconvenience and loss resulting from the interruption of the possession of the property, which was the machinery of a manufactory, and damages for the expense, trouble, and delay attending the restoration of the establishment to its original condition. It was held that these damages were included in the damages recoverable in the replevin suit. The case was a peculiar one, and the defendant in the replevin suit did not, as in the present case, ask merely for an allowance, as damages, of a continuation of the interest on the value of the property when taken, from the time of the verdict in the replevin suit to the time of the verdict in the

suit on the bond; and the court did not pass on that ques-
tion.

The decisions in Maine support the views taken by the
Circuit Court. In *Smith* v. *Dillingham,* 33 Maine, 384, in a
suit on a replevin bond, the value of the property replevied, as
valued in the writ, was allowed, with interest from the date of
the bond. The interest was objected to. No damages had
been assessed in the replevin suit. The court said : " If dama-
ges for the taking had been assessed, as the statute provides,
up to the time when the nonsuit was ordered, the estimate of
damages in this suit for the detention would have commenced
at that period. But the record shows that no such assessment
was made. The wrong done to the plaintiffs consists in the
taking of their property, and in the delay of making compen-
sation for it. There is nothing in the statute which precludes
the allowance of interest on the value of the property from
the time when it was taken." It certainly can make no
difference in principle that part of such interest is allowed in
the replevin suit and part in the suit on the bond, so long as
there is no duplication.

In *Thomas* v. *Spofford,* 46 Maine, 408, the case of *Smith* v.
*Dillingham* is cited by the court as authority for the proposi-
tion, that in a suit on the replevin bond the plaintiff may
recover damages for detention, although they were not
assessed in the judgment in the replevin suit.

The opinion of the court in 68 Maine contains nothing to
support the views of the defendants. In that opinion it is
said, (p. 459 :) " When this cause was first tried, the presiding
justice was of opinion that the action was not maintainable,
and that the defendant's claim for damages for the plaintiffs'
unlawful taking could only be determined in a suit upon the
replevin bond. By agreement of parties, the case was with-
drawn from the jury, to be reported to the full court. If the
action could not be maintained upon the evidence offered and
introduced by the plaintiffs, a non-suit was to be entered. If
the action could be maintained, it was to stand for trial ; and
the court were also authorized to pass upon the several propo-
sitions in respect to damages, made by the defendant's counsel.

Upon a full hearing of the questions of law raised upon the report, it was determined that the action was not maintainable ; and a non-suit in pursuance of the agreement of the parties was ordered.    It was further decided that the defendant had a right to have his damages assessed.    62 Maine, 341."

The trial court had instructed the jury as to damages as follows, (p. 452 :)  " The defendant is entitled to the value of that ice, at the time it was taken, and where it was situated, for any lawful use to which it could be put.  If it was valuable to use there, he is entitled to its value for use.  If it was valuable for sale, he is entitled to its value for sale.  If it was valuable to send to market, he is entitled to whatever value it bore at the time and place for any market, not what it might bring at another market, — I don't mean that — but its value at Boothbay, on August 13, 1870, for any purpose to which it might be put."    On this the Supreme Judicial Court remarked, (p. 461:)  " To these instructions there can be no reasonable objections urged.    The value at the time and place of taking is the rule."

The contention of the defendants that, on the recovery of the judgment in replevin, the plaintiff in replevin was only bound to restore the goods or to pay their money value at that time, and that the liability for the breach of the replevin bond would be discharged if the plaintiff in replevin paid such sum of money as would enable the defendant then to go into the market and buy goods of like description and value, is not sound.    Ice is a peculiar article of property.    The ice in question was taken in August, 1870, at a time of year when, as we all know, ice has a larger value than at some other times of the year.    The defendant in the replevin suit was entitled to the value of that ice as of that time, and of the place where it was taken, as stated in the case in 68 Maine, for any lawful use to which it could be put.    It was also said by the court in that case, (p. 462:)  " As the taking by the plaintiffs was wrongful, the defendant is entitled to full indemnity.    The measure of damages is the actual value of the property to the plaintiffs as an article of merchandise or sale."    Under these views, the defendant would not necessarily be made whole by

a sum of money sufficient to enable him to purchase in the market a like quantity of ice, eight years after it was taken.

It is also contended for the defendants in this suit, that the Circuit Court erred in rejecting the evidence offered by them to show that the value of the ice replevied was less than $10,000, at whatever time such value was to be assessed, and in ruling that the plaintiff was not precluded from showing that the value of the goods replevied was more than the $15,000 named in the replevin writ and the bond.

We do not think the court erred in rejecting the evidence so offered by the defendants. The writ of replevin stated that the quantity of ice was "about thirty-eight hundred tons," "of the value of fifteen thousand dollars." The bond of the 12th of August, 1870, recited that the action was for "about thirty-eight hundred tons of ice," "of the value of fifteen thousand dollars." The first return of the sheriff, dated August 13, 1870, specified the quantity of ice as "about twenty-five hundred tons." The amended return specified the quantity as being 2331 tons and 1851 pounds. The jury, in the trial of the replevin suit, found that the value of the ice replevied, where it was situated, at the time it was taken, was $20,069.33. The condition of the bond must be held to mean, that the quantity of goods replevied was to be restored, leaving it to be ascertained what that quantity was. It must be assumed, in the absence of evidence to the contrary, that the quantity taken by the jury as the basis of the value they found, was the quantity named in the amended return of the sheriff. The sureties in the bond were, by its terms, so connected with the replevin suit, that they are bound by the adjudications necessarily made in it. The jury could not have found any basis for the calculation of the interest as damages, unless they had found, as they did, the value of the ice, where it was situated, at the time it was taken. The sureties are bound by that finding.

There was, therefore, no error in excluding the evidence so offered by the defendants, or in permitting the plaintiff to show, as he did conclusively, by the record in the replevin suit, that the value of the ice, where it was situated, at the

time it was taken, was greater than the $15,000 named in the writ of replevin and the bond.

This is in accordance with the decisions in the Supreme Judicial Court of Maine. In *Thomas* v. *Spofford*, 46 Maine, 408, the court below had ruled that the plaintiff in the suit on the replevin bond was estopped from showing that the property was of greater value than that stated in the writ of restitution, which was the value stated in the writ of replevin, the bond being for double that value, but the Supreme Judicial Court said : "The defendant in replevin is not concluded by the value of the property named in the bond or the writ. If he was to be thus estopped from denying that value, he would be at the mercy of his opponent, whose interest it always is to fix as low a value as possible. . . . It seems clear, on the authorities and fair reason, that the defendant in replevin is not concluded or estopped by the sum named in the bond as the actual value." To the same effect is *Miller* v. *Moses*, 56 Maine, 128, 141. In *Tuck* v. *Moses*, 58 Maine, 461, 477, it is held that the plaintiff in replevin is bound by the value which he puts upon the property in his writ, but that with the defendant in replevin it is otherwise, and, as he has no hand in fixing the value in the writ, he is not estopped from showing it to be greater than is there stated.

The defendants submitted to the court a prayer for a ruling that the statement of the sheriff, in his return, of the quantity of ice actually taken by him on the writ of replevin was competent and conclusive evidence of that quantity, in the trial of the suit on the replevin bond. The bill of exceptions states that the court overruled such prayer, and ruled that neither one of the returns was conclusive evidence of the quantity taken by the officer upon the replevin writ, and that the defendants excepted to such rulings. No practical question arises upon this exception, for it does not appear by the bill of exceptions that either side offered any evidence for the purpose of showing that the quantity of ice replevied varied from the quantity stated in the amended return. The evidence offered to be given by the defendants to prove that the value of the ice replevied was less than $10,000 at whatever time such value

was to be assessed, was not an offer to prove that the quantity of ice replevied varied from that stated in the amended return; and the plaintiff, neither offering nor giving any evidence that such quantity varied from that stated in the amended return, relied upon the finding of the jury in the replevin suit as to the value of the ice replevied.

The defendants complain of the admission in evidence of the answer of the jury in the replevin suit as to the value of the ice replevied, where it was situated, at the time it was taken, and also of the ruling of the court that such answer was evidence in this suit, and conclusive against the defendants, of the value of the ice, in determining the amount which the plaintiff is entitled to recover in this suit. It is contended for the defendants, that it was discretionary in the jury, in the trial of the replevin suit, to answer the question referred to, and that it was no part of the legal issue in that trial. But, as has been shown, the rule adopted in that trial, for finding the damages, was to assess the interest on what was found to have been the value of the ice at the time and place of taking, and that such value was an indispensable element in arriving at a verdict. Such value was found by the jury, in finding the verdict, and, a judgment having been entered thereon, the fact so found is conclusive, not only upon the parties to the replevin suit, but upon those who became sureties by the bond, to abide its event. The sureties became bound by the result of the replevin suit by virtue of their agreement contained in the bond.

In *Drummond* v. *Ex'rs of Prestman*, 12 Wheat. 515, the record of a judgment confessed by a principal to a creditor for a debt due was held to be admissible in evidence to charge a surety who had guaranteed the debt to the creditor. In *Stovall* v. *Banks*, 10 Wall. 583, it was held that the sureties in the bond of an administrator were bound by a decree against the administrator, made in a suit to which they were not parties, finding assets in his hands which he had not paid over.

The sureties in the replevin bond were represented in the replevin suit by the plaintiff therein, and were identified with it in interest, and claimed in privity with it, so as to be con-

cluded by the proceedings in that suit. 1 Greenl. Ev. §.523. The question of the value of the ice at the time it was taken in replevin was essential to the finding of the verdict in the replevin suit; and in such case, it is not necessary to the conclusiveness of the former judgment that there should have been a formal issue in the prior suit as to such question. 1 Greenl. Ev. § 534.

On the whole case, we are of opinion that there is no error in the record, and that the judgment must be affirmed, and it is so ordered.

*Affirmed.*