## Himler Coal Company v. Ella and Albert Kirk.

(Decided March 27, 1925.)

### Appeal from Martin Circuit Court.

1. Abatement and Revival—Two Actions Cannot be Prosecuted at the Same Time for Same Cause.—Two actions cannot be prosecuted at the same time for the same cause.

2. Abatement and Revival—Action—Action for Damages for Construction of Railway Abatable, and should have been Postponed Pending Determination of Suit to Enjoin Interference with Construction.—Where coal company, seeking to construct railway over plaintiffs' land, filed a petition in equity to enjoin plaintiffs from interfering, in which suit plaintiffs denied that coal company had any right of way, and thereafter plaintiffs sued for damages for entering on their land, held, that two actions involved same question and second was subject to abatement, and hearing therein should have been postponed until first had been determined.

3. Trespass—Punitive Damages Held Not Recoverable.—In action against coal company for damages for entering plaintiffs' land in constructing railway line, right to which coal company claimed under its deeds, punitive damages held not recoverable.

W. R. McCOY for appellant.

J. B. CLARK and J. W. WHEELER for appellees.

OPINION. OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

Appellees own a tract of land in Martin county.. The
Himler Coal Company proposed to build a line of rail-
way up the bottom from the Norfolk & Western Railway
to its coal mine. This line crossed a corner of appellees'
tract. They forbade the building of the railway on the
ground that under its title papers the coal company had
no right-of-way there. Thereupon the coal company
filed a petition in equity to enjoin the appellees from in-
terfering with it in building the line of railway across
the corner of their land. The coal company obtained a
preliminary injunction, which on motion was dissolved
by the circuit court. It then brought the case before a
judge of this court, who reinstated the injunction. While
this action was still pending appellees brought this suit
against the coal company charging that it had entered
upon their land without right and destroyed buildings,
etc., to their damage in the sum of $20,000.00. The coal
company filed an answer denying the allegations of the
petition, pleading its title and pleading the pendency of
the equity action in abatement of the action for damages,
alleging that that action was in the same court and un-
decided. A demurrer to this paragraph of the answer
was sustained by the court. At a subsequent term the
court dismissed the equity action. The coal company
appealed with supersedeas. It then filed an amended
answer setting up these facts and praying the court to
postpone the trial of the action for damages until the
appeal was heard in this court. The court overruled the
motion, and the action for damages coming on for hear-
ing before a jury, instructed the jury in substance that
the coal company was a trespasser and liable for the
damages sued for and that the jury might in their dis-
cretion allow punitive damages. The jury found for the
plaintiff and fixed the damages at $5,500.00. The coal
company appeals.

The appeal in the equity action for an injunction was
determined by this court since the judgment appealed
from was rendered. This court reversed the judgment
of the circuit court. Himler Coal Co. v. Kirk, etc., 205
Ky. 666.

In the equity action the thing in controversy was the
right of the coal company under the deeds to a right-of-

way over the land.  In the action for damages precisely the same question was presented, and in addition to this the question of the amount of ·damages if the coal company was not entitled to a right-of-way.  By section 92 of the Code it is made a ground of demurrer that there is another action pending in this state between the same parties for the same cause, and ·by section 118 it is provided .that a party may by an answer make this objection when it is not shown by the pleading of his adversary. Two actions cannot be at the same time prosecuted for the same cause.  L. & N. R. R. v. Ohio Valley Tie Co., 161 Ky. 212.  The coal company could not be required to litigate in two actions pending at the same time in the same court the question whether it had a right under its deeds to build the railway.  If it had the right to build the railway it was not liable for damages for exercising its rights.  The second action, therefore, necessarily turned on the same question as the first.  The demurrer to the plea in abatement should have been overruled.  The hearing of the case should have been postponed until the question of the rights of the parties had been determined in the other case.

> "In other words, if a final judgment in the former suit would support a plea of *res judicata* in the subsequent suit, the suits are identical for this purpose."  3 Am. & Eng. Ency. of Law and Practice, p. 1222.

The instructions of the court to the jury were not the proper instructions under the law of the case as settled by this court in the opinion above referred to.  No instruction on punitive damages should have been given. All other questions are reserved.

Judgment reversed and cause remanded for further proceedings consistent herewith.