## Himlar Coal Company v. Kirk, et al.

(Decided May 8, 1928.)

### Appeal from Martin Circuit Court.

1. Appeal and Error.—Where Court of Appeals on former appeal had held that right of way claimed by railroad was way of convenience and not way of necessity, testimony on such question in proceeding by landowner for damages for taking of property was immaterial and should have been excluded, but as it had no effect on result of case, no substantial right of railroad prejudiced.

2. Evidence.—In proceeding by landowner for damages for taking of property by building railroad across it, property owners, who had lived in vicinity for years and stated they were acquainted with property values in vicinity and knew property well, held competent to testify on question of value of property taken and value of remaining property.

3. Eminent Domain.—In proceeding by landowner for damages for constructing railroad across land, instructions that jury's finding should not exceed in all difference between market value of entire tract immediately before and market value of remainder immediately after taking of strip, excluding any enhancement of value of land by reason of prudent building or operation of railroad correctly stated the law.

4. Trial.—The credibility of witnesses is a question for the jury.

5. Appeal and Error.—Court of Appeals cannot disturb finding of jury on the facts, where such finding is not palpably against the evidence.

6. Railroads.—Since taking of property for railroad purposes is a taking for public purposes, right to operate railroad cannot be confined to carrying coal taken from particular piece of land, which was primary purpose of constructing road for which land was taken, but railroad may be used for any purpose which serves the public.

W. R. McCOY for appellant.

J. B. CLARK and J. W. WHEELER for appellees.

Opinion of the Court by Commissioner Hobson—
Affirming.

The facts of this case are fully stated in the opinion
on the former appeal, Himlar Coal Co. v. Kirk, 205 Ky.
667, 266 S. W. 355. On that appeal the situation pre-
sented was this: The Himlar Coal Company had obtained
an injunction enjoining appellees from preventing its con-
struction and operation of a railroad across the land.
The circuit court on final hearing dissolved the injunc-
tion and dismissed the petition. The coal company ap-
pealed and the injunction was continued in force pending
the appeal. On the hearing of the case the court held
that the coal company was only entitled under its deed
to a way of necessity; that the right of way claimed was
a way of convenience and not a way of necessity. But in
the meantime the railroad had been built and was in op-
eration, and, as the parties could not be restored to their
former condition, the court reinstated the injunction and
made it permanent without prejudice to the rights of the
appellees to recover any damages they sustained in the
construction of the road. This is the necessary effect of
the opinion, as the court then determined that the way
claimed was a way of convenience and not a way of neces-
sity, and, as the litigant can only have one day in court,
that judgment is final on that question.

On the return of the case the appellees filed an
amended pleading to recover damages for the taking of
the property by the building of the road across it. On
the trial before a jury a verdict and judgment was ren-
dered in their favor for $3,500. The coal company ap-
peals.

On the trial of the case both parties offered evidence
as to the necessity for the taking of the land. The jury
found that the taking was not necessary. Appellant com-
plains that witnesses for the appellee, who were not ex-
perts, were allowed to testify on this question, but this
question was concluded by the judgment on the former
appeal and could not be tried again after the return of
the case from this court. The admission of this evidence
was therefore immaterial. All the evidence introduced
on this question should have been excluded. But as it
had no effect on the result of the case, no substantial
right of the appellant was prejudiced. Appellant also
complains that the witnesses, who were introduced by

appellee, on the question of the value of the property taken and the value of the remaining property after the taking of the strip for the railroad, were not competent to testify on these questions. But they were all property owners living in the vicinity, who had lived there for years, and testified that they were acquainted with property values in the vicinity and knew this property well. It is true that several of them did not specify any sale of like property that had been made, to his knowledge, about the time the strip was taken, but a man who lives in the vicinity and is a property owner may be presumed to know the value of property from the way that property is held and valued by his neighbors. The rule recognized by the weight of authority is this:

"While witnesses are not required to be expert or skilled in the strict and severe sense of the term in order to give opinions on value, and while there is no inflexible rule defining how much a witness must know in order to be so qualified, it must be made to appear that he has had, and utilized, means superior to those available to the jurors, for forming an intelligent opinion. In most instances an owner is deemed qualified by that relationship, to testify to the value of common classes of property." 22 C. J. 578, sec. 682.

"The opinion may be based upon an acquaintance either with the property in question or with other property of like general character and location; and it is not necessary that such opinion should be fortified by knowledge of actual sales in the vicinity, by actual purchases on the part of the witnesses, or by knowledge of sales anywhere of precisely such tracts." 22 C. J. p. 588, sec. 686.

To same effect see Kenton Ins. Co. v. Adkins, 12 Ky. Law Rep. 291; L. & N. R. Co., v. Jones, 52 S. W. 938, 21 Ky. Law Rep. 749; Vaughn v. Corbin, 170 Ky. 426, 186 S. W. 131; Ky. Hydro-Electric, etc., Co. v. Reister, 216 Ky. 308, 287 S. W. 537; L. & N. R. Co. v. Jones, 222 Ky. 531, 1 S. W. (2d) 972.

Complaint is made of the instructions of the court to the jury, but they follow the form which has time and again been approved by this court, and clearly instructed the jury that their finding should not exceed in all the difference between the market value of the entire tract

immediately before and the market value of the remain-
der immediately after the taking of the strip, excluding
from both estimates any enhancement of the value of the
land by reason of the prudent building or operation of
the railroad. Big Sandy R. Co. v. Dils, 120 Ky. 563, 87
S. W. 310, 27 Ky. Law Rep. 952; Broadway Coal Mining
Co. v. Smith, 136 Ky. 725, 125 S. W. 157, 26 L. R. A. (N.
S.) 565; L. & N. R. Co. v. Hall, 143 Ky. 497, 136 S. W.
905, and cases cited.

While the verdict of the jury is for a larger amount
than warranted by the evidence for the coal company, it
is well within the evidence offered by the appellees. The
credibility of the witnesses was for the jury. The court
cannot disturb the finding of the jury on the facts, for it
cannot be said that the finding is palpably against the
evidence.

The land was taken for a railroad. A railroad is
now being operated across the land. The compensation
which the property owner was awarded by the jury was
for the construction and operation of the railroad across
the land, and included any depreciation of the remainder
of the tract by reason of the operation. Private prop-
erty may be taken only for public purposes. The taking
of this property for railroad purposes is a taking for
public purposes, and, as the property is taken for such
purposes, the railroad may be used for carrying coal or
other things just as any other railroad may be used. The
right to operate the railroad is not confined to carrying
coal taken from any particular piece of land; for the
taking of the land for railroad purposes can only be sus-
tained when the railroad serves the public.

On the whole record no error to the prejudice of the
appellant's substantial rights appears.

Judgment affirmed.