## Brewer v. Kirk.

(Decided May 29, 1934.)

W. R. McCOY for appellant.

JAS. B. ADAMSON and J. B. CLARK for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This is the fifth time the subject-matter involved on this appeal, in one form or another, has been before this court.

In 1920 the Himler Coal Company brought an action in the Martin circuit court asserting its right to the surface of a tract of land in Martin county, in as far as necessary for the removal and transportation to market, the minerals reserved in the conveyance of the surface with a covenant of general warranty, and sought an injunction aganist Ella Kirk and Albert Kirk to enjoin them from interfering with or preventing the construction and operation of a railroad across the land. An application was made to the judge of the circuit court for a temporary restraining order against them, which was refused. A motion was entered before a member of this court to grant the injunction as prayed in the petition, which was sustained, with directions that the Himler Coal Company execute before the clerk of the circuit court "a bond with good security in sufficient sum to cover any damages which may be recovered by the defendants if it should be determined they are en-tiitled to damages," with the statement in the order that it "is not to be construed as in any way deciding whether the defendants are or are not entitled to compensation for the land which may be taken by the plaintiff."

In accordance with the order the Himler Coal Company, with Floyd Brewer, executed before the clerk of the Martin circuit court the required injunction bond, which reads:

"We undertake that the plaintiff, the Himler Coal Company, shall pay to the defendant, Ella Kirk and Albert Kirk, the damage not exceeding Thirty-five Hundred and No/100 Dollars, which he may sustain by reason of the injunction in this action, if it is finally decided that said injunction ought not to have been granted."

Thereafter the action was tried on its merits, resulting in a judgment adverse to the Himler Coal Company. On an appeal to this court, it was reversed and re-amended, "with directions to reinstate and to make permanent the temporary injunction; but nothing herein is to prejudice the rights of the appellees [the Kirks] to sue on the bond in this case for any damages they may have sustained if, in constructing this railroad as and where it did, the appellant has taken any of their

property for which there was not a strict necessity.'' Himler Coal Co. v. Kirk, 205 Ky. 666, 266 S. W. 355, 358.'

While the action was pending in this court, the Kirks brought, in the Martin circuit court, an action against the coal company, charging it had entered upon their land without right and destroyed buildings, etc., to their damage in the sum of $20,000. The Himler Coal Company, by answer, denied the allegations of the petition, and pleaded its title and the pendency of the equity action in which the injunction had been issued, in abatement of the action for damages. A demurrer to the paragraph of the answer pleading abatement was sustained. At a subsequent term of the court the action in which the injunction was granted was dismissed. The coal company appealed, with supersedeas. It then filed an amended answer setting up this fact, and praying the court to postpone the trial of the action for damages until its appeal was heard by this court. The court overruled the motion; the action for damages was tried before a jury, in which a verdict was returned for the Kirks, fixing their damages at $5,000. The Himler Coal Company appealed. While the appeal was pending, this court reversed the judgment of the circuit court in the equity action (Himler Coal Co. v. Kirk, etc., 205 Ky. 666, 266 S. W. 355) and held, inter alia:

> ''The thing in controversy was the right of the coal company in the deed to a right-of-way under the land. In the action for damages, precisely the same question was presented, and in addition to this the question of the amount of damages if the coal company was entitled to a right-of-way.''

While the equity action and the action for damages were pending, the Himler Coal Company built and operated the railroad on the land in controversy, and, as the parties could not be restored to their former condition, this court, as we have before stated (Himler Coal Co. v. Kirk, 205 Ky. 666, 266 S. W. 355), reinstated the injunction, and made it permanent without prejudice to the rights of the Kirks to recover any damages they might have sustained in the construction and operation of the railroad. On the return of the case (Himler Coal Co. v. Kirk, 210 Ky. 28, 275 S. W. 371), the Kirks filed an amended pleading to recover damages for the construction and operation of the railroad across their property. Issues were formed by proper pleadings. On

a trial before a jury, a verdict was returned and judgment rendered in the Kirks' favor for $3,500. The Himler Coal Co. v. Kirk, 224 Ky. 383, 6 S. W. (2d) 480.

The Himler Coal Company became insolvent and was forced into involuntary bankruptcy and its affairs wound up and closed in a bankruptcy proceeding, and no part of the Kirks' judgment of $3,500 has ever been paid. This action was brought by the Kirks to recover of Floyd Brewer, as surety, on the covenant contained in the injunction bond, the $3,500 judgment rendered against the principal in the bond, the Himler Coal Company.

The determinate question is whether Brewer is bound by the judgment against the Himler Coal Company.

To escape his liability Brewer traversed the allegation of the petition as amended and pleaded that the Kirks by the institution of their action against the Himler Coal Company, without making him a party, to recover the judgment of $3,500, thereby elected to look to the Himler Coal Company and were estopped to recover of him; also, the business and affairs of the Himler Coal Company were adjudicated and settled by a proceeding in bankruptcy and the Kirks failed to present therein for payment their judgment of $3,500 and they are estopped to recover of him by reason thereof. He pleaded that the obligation imposed by the injunction bond was a joint one of the Himler Coal Company and him, and the Kirks were only entitled to recover, because of this fact, one-half the penalty of the bond.

The court sustained a demurrer to those paragraphs of the answer which pleaded an estoppel and his joint liability on the bond. The answer was controverted by a reply. A trial before a jury resulted in a verdict in favor of the Kirks.

Brewer is insisting the court erred in sustaining the demurrer to certain paragraphs of his answer, in refusing to give a peremptory instruction at the close of the evidence in behalf of the Kirks and also at the close of all the evidence, in refusing to give offered instructions, and in giving those which were given.

Since the determination of the question as to whether Brewer as surety to the injunction bond is bound by the judgments rendered against the Himler

Coal Company, the principal of the bond, will eliminate the necessity of extensively considering all other grounds for a reversal, we shall first consider it.

The rule generally accepted is, if a surety has contracted in reference to the conduct of one of the parties in some suit or proceeding in a court of justice, he is concluded by a judgment against the principal in so far as the same issues are included, in the absence of allegations and proof of fraud or collusion, in its obtention. See Freeman on Judgments (5th Ed.) sec. 459, p. 110, and cases cited; Towle v. Towle, 46 N. H. 431; Costello v. Bridges, 81 Wash. 192, 142 P. 687, L. R. A. 1915A, 853; William W. Bierce v. Waterhouse, 219 U. S. 320, 31 S. Ct. 241, 55 L. Ed. 237; Washington Ice Co. v. Webster, 125 U. S. 426, 8 S. Ct. 947, 31 L. Ed. 799. This rule has been accepted and applied by this court. See Jones v. Henry, 3 Litt. 427; Hopkins, etc., v. Stout, 6 Bush, 375; Adams, etc., v. Halbert, 13 Ky. Law Rep. 637; Ewald's Ex'r and Trustee v. City of Louisville, 192 Ky. 279, 232 S. W. 388; Katterjohn v. Nahm, etc., 106 S. W. 1179, 32 Ky. Law Rep. 727; Board of Councilmen, City of Harrodsburg v. Vanarsdall, 148 Ky. 507, 147 S. W. 1; City of Paducah v. Jones, etc., 126 Ky. 809, 104 S. W. 971, 31 Ky. Law Rep. 1203.

An injunction bond belongs to the class in which the surety's contract to abide the result of specific litigation is assigned by the law, and the surety is therefore concluded by a judgment in a suit at law so far as the same issues are involved in the absence of an allegation and proof of fraud or collusion of the principal in the bond and the beneficiary thereof. When this rule is applied to the facts of this case, it necessarily follows that Brewer as surety to the injunction bond is concluded by the order of the member of this court granting the injunction; by the judgments involved in Himler Coal Company v. Kirk, 205 Ky. 666, 266 S. W. 355, Id., 210 Ky. 28, 275 S. W. 371, Id., and 224 Ky. 383, 6 S. W. (2d) 480, and therefore it is too late for him to dispute the issuance and service of the order of injunction on the Kirks, to deny their title to the land, or to plead the alleged estoppels to their right to collect the judgment of the $3,500 or to rely upon any defense other than fraud or collusion of the principal of the bond and the Kirks.

Brewer may not invoke the rule that where a person who is not made a defendant of record or is not in

privity with a party to the action, or had no notice requesting him to appear and defend the action, he is not concluded by the result of the litigation, unless he openly and actively or in some respect assumes an interest of his own or in the management of the defense of the action. His defenses to the judgment of $3,500 are identical with, and no more than, those which could have been made by the Himler Coal Company, and they are confined after the expiration of the term of the court at which the judgment was rendered to the grounds set forth in section 518, Civil Code of Practice, in the absence of an allegation by, and proof in behalf of, Brewer that the judgment was obtained by fraud or collusion of the Kirks and the Himler Coal Company.

Viewing the case in this light and giving to the defenses set up in the answer of Brewer the most favorable consideration, and regarding the objections to the evidence and his insistence for a peremptory instruction as the same are presented in his brief, it is our conclusion that, had the Kirks requested it, it would have been the duty of the court to direct a verdict for them. After the rendition of the judgment of $3,500 against the Himler Coal Company, Albert Kirk departed this life and the action was prosecuted in the name of Ella Kirk. The title to the land was in her, and since Albert Kirk, if living, would be entitled only to a statutory curtesy therein, she was properly permitted to prosecute the action in her name.

For the reasons indicated, the judgment is affirmed.