C. A. PRATT, Appellant, v. E. C. HOWARD.

**Abatement:** OTHER ACTIONS PENDING. Action by P. against H on a note will not be abated because of pendency of action by H. against P. for a partnership accounting, and to have set aside for fraud or specifically enforced, a contract alleged to provide, among other things, for the surrender of the note to H.; the parties not standing in the same relations in both actions, and that by H. affording no remedy to P.

*Appeal from Sac District Court.*—HON. S. M. ELWOOD, Judge.

MONDAY, OCTOBER 23, 1899.

ACTION on a note. Defense: Plea in abatement. Judgment sustaining the plea, and the plaintiff appealed.— *Reversed.*

*Chas. D. Goldsmith* for appellant.

*McCrary & McCrary* and *James H. Tail* for appellee.

LADD, J.—Howard's sole defense was the pendency of another action, which had been heard, but not determined. In that, as plaintiff, he had averred the existence of a partnership between himself and Pratt, and prayed for its dissolution, an* accounting, and that certain contracts be set aside as obtained by fraud, or be specifically performed. Only one of these need be mentioned. The firm, with one Strahl, had established a store at Jolly, Iowa, and also owned a stock of goods at Sac City. They entered into an agreement (written) under which Pratt took the stock at Sac City

and Howard, the firm's interest in that at Jolly. In that action· Howard alleged that, as a part of the consideration for the contract, and as an inducement to sign it, Pratt agreed to pay all bills of the firm, and to surrender to Howard the note sued on in this action. This was denied by Pratt, and on the issue thus joined the evidence was in conflict. It will be observed that the only issue involved in that action concerning the note was whether Pratt agreed to surrender it. Here the defendant in that action, as plaintiff in this, demands judgment on the note. If the relief prayed in that· were granted, the decree would be *res adjudicata* in this;· but, if denied, it would only be an adjudication against Howard as to the particular matter involved in the first suit. The first action, then, did not afford an adequate remedy to· the defendant in such suit, founded on the grounds of the· second. Under such circumstances the fact that the parties· do not stand in the same relation in the two suits is an insuperable obstacle to a plea in abatement. The very foundation on which this defense rests is the abhorrence of the law for a multiplicity of suits. Two actions for the same cause may not be maintained at the same time, because the second suit is unnecessary for the enforcement of rights or the redress of wrongs, and simply annoys and harrasses the· defendant without cause. "If it were allowed that a man should be twice arrested, or twice attached by his goods, for the same thing, by the same reason he might suffer *in infin-· itum.*" The reason of the rule, however, applies only when the plaintiff in both actions is the same person, and hence· the rule itself falls when this is not true. There are undoubtedly exceptions to the rule, but we think these are limited to cases where the first suit affords a full, plain, and adequate remedy to the defendant in such suit. Without· referring specifically to them, it is apparent that this case does not fall within any of the recognized exceptions. See· 1 Enc. Pl. & Prac. 759. These views find approval in the· authorities. *Colt v. Partridge,* 7 Metc. (Mass.) 574; *Ayres=·*

*v. Bensley,* 32 Cal. 630; *Walsworth v. Johnson,* 41 Cal. 62; *Pierce v. Feagans,* 39 Federal Rep. 587. As the parties did not stand in the same relation, and the first action afforded the plaintiff in this no remedy, the plea in abatement was not good.—Reversed.