## CHAPMAN *v.* LAMBERT.

[No. 21,958. Filed November 17, 1911.]

1. CONTRACTS. — *Consideration.* — *Deeds.* — *Easements.*—A supplemental contract creating a sewer easement, when executed as a part of a contract for the conveyance of land, is supported by the consideration upon which the conveyance is based. p. 467.

2. CONTRACTS.—*Intention.*—*How Determined.*—In determining the intention of the parties to a contract the courts will consider their position and surroundings and all of the language used, giving to each word a proper meaning, if possible. p. 467.

3. CONTRACTS.—*Sewers.*—*Use of.*—A contract giving defendant the right to make connections with plaintiff's sewer for all the property purchased from plaintiff "and for any and all other property owned by [him] within the district drained by said sewer," gives him the right to drain the refuse water of after-acquired land into such sewer. p. 467.

4. DAMAGES. — *Diverting Waters.* — *Deeds.*—*Reformation.*—*Cross-Complaint.*—In an action for damages for diverting water into

plaintiff's sewer, it is proper to permit defendant by a cross-complaint to litigate his alleged right to a reformation of his deed from the plaintiff so as to permit such drainage.  p. 467.

5. ABATEMENT.—*Another Action Pending.—Parties.*—A plea in abatement on the ground that another action is pending does not apply in favor of the plaintiff in a case as against defendant's cross-complaint in the same case.  p. 468.

6. REFORMATION.—*Deeds.—Damages.—Cross-Complaint.*—In an action for damages for diverting water into plaintiff's sewer, a decree of reformation of defendant's deed from plaintiff so as to permit such diversion is proper, where a supplemental contract between plaintiff and defendant gave defendant such right and provided that the stipulations of such contract should be made a part of such deed, the parties mutually forgetting to insert them. p. 468.

7. DEMAND.—*Deeds.—Reformation.*—Defendant's preparation of a reformed deed and his presentation thereof to the plaintiff together with a request for her signature before the filing of his cross-complaint asking for such reformation, constitutes a sufficient demand.  p. 468.

From Elkhart Superior Court; *Vernon W, VanFleet,* Judge.

Action by Louisa J. Chapman against George Lambert. From a decree for defendant, plaintiff appeals. Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.  *Affirmed.*

*L. D. Hall,* for appellant.
*Davis & Schaefer,* for appellee.

MORRIS, J.—Louisa J. Chapman, appellant, commenced this action against George Lambert, appellee, for damages for collecting and discharging surface-water  and sewage into her private sewer.

There was a special finding of facts made by the court and conclusions of law stated thereon.  A decree was entered for defendant.  Plaintiff appeals.

The court found the following facts:  On December 29, 1899, appellant was the owner of a tract of land situated in the city of Elkhart, commonly known as "Chapman's marsh."  Prior to that date she had constructed on said

land a private sewer, to carry from said tract the surface-water and sewage. The sewer began at a point about one hundred feet west of the east line of her tract, and ran west through the land and emptied into a public sewer. Her land was low and marshy, and lower than the land immediately adjoining it on the east. On December 29, 1899, appellant entered into a written agreement with appellee for the sale to him of a three-acre tract, 132 feet wide, off the east side of "Chapman's marsh, * * * together with the sewer improvements thereon;" also a five-and-seventy-three-one-hundredths-acre tract 305 feet wide, off the west side of the same tract. The purchase price was $8,456.25. As a part of the same transaction, and for the same consideration, the parties at the same time executed what is termed a supplemental agreement with reference to the real estate, which reads as follows:

"This agreement, made and executed December 29, 1899, by and between Melville S. Chapman and Louisa J. Chapman, parties of the first part, and George Lambert, party of the second part, witnesseth, that, whereas, said parties of the first part have this day entered into an agreement in writing with the party of the second part for the purchase and sale of certain real estate in the city of Elkhart by the parties of the first part to the party of the second part, said real estate being a tract of about three acres lying on the east side of a tract of land known as 'Chapman's marsh,' and about five and three-fourths acres lying on the west side of said 'Chapman's marsh,' said tracts of land being more specifically described in said articles of agreement, to which reference is made for a more complete description thereof; and whereas the parties of the first part have heretofore constructed a sewer, beginning in the city of Elkhart, Elkhart county, Indiana, at a point where the center line of South Sixth street in said city is intersected by the center line of Mulberry street, and extending eastwardly along a line in prolongation of the center line of Mulberry street, and on the center line of said Mulberry street about two thousand feet, and crossing said two tracts of land so sold to said party of the second part. Now, therefore, said parties of the first

part, in consideration of the payment of the purchase price thereof by said party of the second part, hereby agrees to and with him that he may at any and all times hereafter make connections with said sewer for all the property so purchased by him from the parties of the first part, and for any and all other property owned by second party located within the district drained by said sewer, and any laterals hereafter connected therewith, and the parties of the first part shall be entitled to no additional compensation for any connections made by said second party with said sewer or its laterals. It is further agreed by and between the parties hereto that any and all repairs hereafter made upon said sewer shall be assessed *pro rata* per front foot against the property bordering on said sewer, and each of the parties hereto agrees with the other that in any and all deeds which he or they shall make for land fronting on said sewer he or they will bind the land so conveyed to pay its proportionate cost of all future repairs on said sewer, and it is agreed that neither party hereto shall ever obstruct said sewer in any manner, but shall keep it open for the use of all parties interested therein. It is further agreed by and between the parties hereto that if other parties owning real estate in the territory drained by said sewer shall desire to connect with said sewer, there shall be assessed against and collected from such other parties such sum as the parties hereto shall deem sufficient and proper for such privilege, and the proceeds thereof shall be equally divided between the parties hereto.

It is agreed that the deed to be made by the parties of the first part to the party of the second part for the real estate before mentioned shall contain all the provisions of this agreement.

In witness whereof the parties have hereunto set their hands and seals this December 29, 1899.

Melville S. Chapman<br>Louisa J. Chapman<br>George Lambert.''

Melville S. Chapman, who signed the foregoing contract, was a son of appellant, and he owned no interest in the real estate at that time.

The description of the three-acre tract, in the first-mentioned contract, was, by mutual mistake, erroneous, but

the tract is correctly described in the deed that was exe-cuted by plaintiff to defendant on January 10, 1901. Im-mediately after December 29, 1899, appellee took possession of the three-acre tract, and constructed sewers thereon, which he connected with the sewer originally constructed by appellant.

On December 29, 1900, plaintiff executed to defendant her deed for a part of the five-and-seventy-three-one-hun-dredths-acre tract, in which deed she reserved the right to use and make connections with the sewer, to extend the sewer and construct laterals thereto, and to grant to others the right to connect with the sewer and laterals. On Jan-uary 10, 1901, plaintiff executed to defendant her deed for the remainder of the five-and-seventy-three-one-hundredths-acre tract, and on the same day executed her deed for the three-acre tract. The latter contains no reference to the sewer. Defendant procured a scrivener to draw the deed for the three-acre tract, but, by mistake, gave him no in-structions to embody therein the provisions of the supple-mental contract concerning sewer rights and privileges of the parties. Plaintiff executed the deed without knowing the provisions thereof, but believed that it contained the provisions agreed upon in the supplemental contract, and it was not intended by plaintiff at the time to make a deed except as provided for in the contract.

In the year 1904, appellee became for the first time the owner of three residence properties and a vacant lot situated immediately east of the three-acre tract. These properties were not a part of "Chapman's marsh," but were within the district drained by the sewer constructed as before stated. In the same year appellee extended the sewer from its original terminus near the center of the three-acre tract, across the remainder of the latter tract to his three residence properties and a vacant lot, and through and by means of this extended sewer he collected the surface-water and

sewage from the three residence properties and a vacant lot, and discharged it through appellant's private sewer, thereby increasing the flow of water through said sewer, when but for said extension it would not have flowed through appellant's sewer in such increased volume.

For the alleged wrongful act of collecting and discharging the sewage and surface-water from these properties acquired by appellee in 1904, appellant in her complaint demands damages in the sum of $5,000.

Appellee filed an answer, alleging, in substance, the foregoing facts, and claiming that under the provisions of the supplemental contract his acts were lawful. He also filed a cross-complaint against appellant, demanding a reformation of the deed for the three-acre tract, so that it should contain the provisions with reference to the sewer embodied in the supplemental contract. Before filing his cross-complaint, appellee tendered to appellant for execution a deed containing the sewer provisions of the supplemental contract. In the deed tendered the description of the three-acre tract was the same as in the contract of December 29, 1899.

Appellant made a motion to strike out the cross-complaint, because it was not germane to her action, which motion was overruled. She also filed a plea in abatement to the cross-complaint, to which the court sustained a demurrer. In the plea in abatement it was alleged that there was another action pending between the parties based on the same subject-matter.

The first conclusion of law stated by the court was that the deed of January 10, 1901, should be reformed, by having inserted therein all the provisions of the supplemental contract of December 29, 1899. The second conclusion was, in substance, that the action of appellee, complained of, was in accordance with the supplemental contract and within his rights under the deed of January 10, 1901, when reformed.

Appellant claims that the supplemental contract is invalid for want of a consideration. If it should be conceded that a consideration is necessary in an action between 1. the parties to a grant of an easement by voluntary deed, the facts found by the court show that the contract for the sale of the land and the supplemental contract were parts of the same transaction, and should therefore be construed together, and thus construed there was a valuable consideration for the agreements in the supplemental contract. The principal question in the case, however, depends on the construction given to the supplemental contract.

Appellant earnestly maintains that the easement granted to appellee applied only to the property purchased by him from appellant and other property owned by him at the time of the execution of the contract on December 29, 1899.

In ascertaining the intention of the parties to a contract, courts will, if necessary, consider it in the light of the position and surroundings of the parties attending its 2. execution. Every clause and every word therein should, if possible, be assigned some meaning. *Warrum* v. *White* (1909), 171 Ind. 574, and cases cited. Applying said rule to the construction of the contract in controversy, we are of the opinion that the lower court did not err in concluding as a matter of law that it was the 3. intention of the parties that appellee should have not only the right to use the sewer for draining property then owned by him in the district drained by the sewer, but if he afterwards became the owner of other property in the same district he should have the right to use the sewer to drain the additional property without "additional compensation for any connections made by said second party with said sewer or laterals."

The lower court did not err in overruling appellant's motion to strike from the files appellee's cross-complaint. 4. The cause of action therein alleged was germane to the subject-matter of appellant's action. The law

favors the settlement of controversies in a single action, where possible. *Excelsior Clay Works* v. *DeCamp* (1907), 40 Ind. App. 26, and cases cited.

The court did not err in sustaining the demurrer to the plea in abatement. The defense of another suit pending for the same cause of action applies generally, only when 5. the plaintiff in both suits is the same person and both are commenced by himself, and not to a case where the plaintiff in one case files a cross-complaint in another case wherein he is a defendant. In such case the cross-complainant is not prosecuting two actions against his adversary within the rule in question. 1 Cyc. 34; 3 Am. and . Eng. Ency. Law and Pr. 1217; *New England Screw Co.* v. *Bliven* (1854), 3 Blatchf. 240; *Pierce* v. *Feagans* (1889), 39 Fed. 587; *Rodney* v. *Gibbs* (1904), 184 Mo. 1, 82 S. W. 187; *Monroe* v. *Reid, Murdock & Co.* (1895), 46 Neb. 316, 64 N. W. 983; 1 Ency. Pl. and Pr. 758; *Wood* v. *Lake* (1860), 13 Wis. 94; *Pratt* v. *Howard* (1899), 109 Iowa 504, 80 N. W. 546; *Bayley* v. *Edwards* (1792), 3 Swanst. *703. In the latter case Lord Camden said: "The plaintiff in a suit here being defendant there, cannot, as I think, plead it, because there is not the same plaintiff in both causes."

The action of the court in decreeing a reformation 6. of the deed was not erroneous. The omission from the deed of the provisions with reference to the use of the sewer was the result of the mutual mistake of 7. the parties. The demand made by appellee to correct the mistake before the filing of the cross-complaint was sufficient.

There is no error in the record. Judgment affirmed.