CRANE, EXECUTOR, ETC. *v.* BURNS, ETC.

[No. 29,466. Filed July 31, 1956.]

*C. Severin Buschmann, Donald A. Schabel,* and *Buschmann, Krieg, DeVault & Alexander* (of counsel) of Indianapolis, for appellant.

*Paul G. Davis,* of Indianapolis, for appellee.

ACHOR, J.—Appellant is the executor of the Last Will and Testament of Paul E. Crane, deceased, who died a resident of Indianapolis, Indiana, on April 12, 1954. The decedent's last will and testament was admitted to probate by order of the Probate Court of Marion County on April 12, 1954, and appellant qualified as executor on that date and is now acting as such. Appellee is the decedent's surviving spouse.

On October 1, 1954, the appellee filed her written election to take her legal share in the decedent's estate as against the will. On the same date the appellee noted on the inventory that she had taken the decedent's household furniture located at 1501 East

Maple Road, Indianapolis, and an automobile owned by decedent as a part of her widow's allowance provided by the probate code (sec. 6-402, Burns' 1953 Repl. (1955 Supp.), Acts 1953, ch. 112, sec. 402, p. 295; 1955, ch. 258, sec. 2, p. 667).

Also, on the same date, appellee filed a suit to contest the decedent's will on the civil side of the Probate Court of Marion County.

On December 6, 1954, appellant, in his capacity as executor, filed a petition in the estate proceedings in' which he recited that appellee had filed her election to take her legal share of decedent's estate and against the decedent's will and that appellee had taken certain of the decedent's personal property as part of her widow's allowance. The petition then alleges that appellee had left the decedent and was living in adultery at the time of his death. The petition asked for a judicial determination by the court, asserting that by reason of her election to take under the law appellee take nothing under decedent's last will and testament; that by reason of her living in adultery at the time of her husband's death appellee take no part of the estate of her deceased husband under the laws relating to the right of a surviving spouse to take against the will, and that she take nothing under the statutes (Sec. 6-301, Burns' 1953 Repl., Acts 1953, ch. 112, sec. 301, p. 295) providing for an allowance to the widow. Appellant also demanded that appellee return the furniture and automobile which she had taken as part of her statutory widow's allowance.

Also, on December 24, 1954, appellee filed a plea in abatement to the above proceedings. As grounds for abatement appellee asserted the fact that appellee, as decedent's widow and sole heir-at-law, had previously filed her suit to contest and set aside the probate of

decedent's will, in which action appellant, as executor, and all persons named as beneficiaries were made defendants. The memorandum in abatement also stated that appellant, as a defendant in the will contest, had filed a second paragraph of answer thereto, in which it was alleged that by reason of the fact that appellee had left her husband and was living in adultery at the time of his death, under the statute[1] she could take no part of the estate of her deceased husband in the event said will and codicils are held void and therefore that she, as a party-plaintiff, had no assertable interest[2] in a judicial determination that her husband died intestate.

As further grounds for abatement appellee asserts that (1) the proceedings in the estate were not authorized by law; (2) were premature; (3) that the determination of the court in such proceedings would not constitute a final judgment, (4) and that to permit further action in the estate proceedings would necessarily result in a multiciplicity of suits between the same parties upon the same subject matter.

---

1. "If either a husband or wife shall have left the other and shall be living at the time of his or her death in adultery, he or she as the case may be shall take no part of the estate of the deceased husband or wife." Section 6-215, Burns' 1953 Repl. (Acts 1953, ch. 112, sec. 214, p. 295.)

2. "Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in the next section; but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract." Section 2-201, Burns' 1946 Repl. (Acts 1881 (Spec. Sess.), ch. 38, sec. 3, p. 240.)

" 'Interested persons' means heirs, devisees, spouses, creditors or any others having a property right in or claim against the estate of a decedent being administered. This meaning may vary at different stages and different parts of a proceeding and must be determined according to the particular purpose and matter involved." Section 6-103, Burns' 1953 Repl. (Acts 1953, ch. 112, sec. 103, p. 295.)

Appellant filed a demurrer to appellee's plea in abatement, which the court overruled. Appellant refused to plead further. The court thereupon entered a judgment abating the proceedings on appellant's petition.

Were the proceedings in the estate authorized by law? Were they premature? Would the determination of the court constitute a final judgment? The answer to these questions lie in the controlling statute itself. The statute provides:

"(a) At any time during the administration of a decedent's estate, the personal representative or any interested person may petition the court to determine the heirs of said decedent and their respective interests in the estate or any part thereof. . . .

. . . . . . . .

"(d) The decree of court as provided in (c) hereof shall be conclusive of the facts determined therein on any interested person who has been notified personally or by mail in accordance with the provisions of this code, subject to the right of appeal." Section 6-606, Burns, 1953 Repl. (Acts 1953, ch. 112, sec. 606, p. 295.)

Appellee having elected to take under the statute of intestate succession to the property of the decedent and against the will, she was an heir[3] within the meaning of Section 6-606, *supra*. Therefore, the executor, in asking for a judicial determination in the estate proceedings as to appellee's interest in decedent's estate, was following the procedure express-

---

3. " 'Heirs' denotes those persons including the surviving spouse, who are entitled under the statutes of intestate succession to the real and personal property of a decedent on his death intestate, unless otherwise defined or limited by the will." Section 6-103, Burns' 1953 Repl. (Acts 1953, ch. 112, sec. 103, p. 295.)

ly provided for in the new probate code (section 6-606, *supra*).[4]

Did the filing of this petition in the estate proceedings result in an unauthorized multiplicity of suits? Was it subject to abatement because of "another action pending between the same parties for the same cause of action at the time the suit was commenced"? The rule upon this issue has been stated as follows:

> "It is the general rule that the plaintiff in both suits must be the same person. Thus, a plea in abatement on the ground that another action is pending is not a proper plea to a cross-complaint filed by the defendant, although he has another action pending on the same cause of action. The cross-complaint is not prosecuting two actions against his adversary within the rule in question." Lowe's Revision of Works Indiana Practice, Vol. 1, section 15.4, pp. 584-585. Specifically our courts have held upon this issue that:

> "The court did not err in sustaining the demurrer to the plea in abatement. The defense of another suit pending for the same cause of action applies generally, only when the plaintiff in both suits is the same person and both are commenced by himself, and not to a case where the plaintiff in one case files a cross-complaint in another case wherein he is a defendant. In such case the cross-complainant is not prosecuting two actions against his adversary within the rule in question. (Citations omitted.) In the latter case Lord Camden said: 'The plaintiff in a suit here being defendant there, cannot, as I think, plead it, because there is not the same plaintiff in both causes.'" *Chap-*

---

4. This section is new to Indiana. It authorized the determination of heirship at any time during administration. Many situations may arise where it will be advantageous to the estate to know definitely who the heirs are before waiting until time for distribution. It is believed that this section will prove very helpful in cases where there are numerous heirs and heirship is in dispute. The provisions of this section are self-explanatory.

*man* v. *Lambert* (1911), 176 Ind. 461, 468, 96 N. E. 459.

In the recent case of *Koeneman* v. *Aldridge* (1954), 125 Ind. App. 176, 122 N. E. 2d 345, 349, the Appellate Court itself, citing *Chapman* v. *Lambert* (1911), 176 Ind. 461, 96 N. E. 459, has held:

". . . The defense of another action pending applies generally and only when the plaintiff in both suits is the same person and not to a case where the plaintiff in one files a counterclaim."

Here the appellant's answer in bar in the will contest case was not equivalent to a counterclaim or cross-complaint, but was only in the nature of an affirmative defense in bar which challenged appellee's right to maintain the action and, therefore, there is even more reason why the answer should not operate to abate the proceedings in the estate than if it were a counterclaim asking affirmative relief, as was true in the above cited cases.

Furthermore, the issues in the two cases are not the same. The proceedings filed in the estate is a special statutory proceedings authorized for the express purpose of determining the interest of all the heirs in the estate. The statute contemplates that by this proceeding, as to the interest of parties in the estate, there should be a total adjudication of the *res*. However, on the other hand, an action to contest a will is a special statutory proceeding authorized for the sole purpose of contesting the validity of a will or to resist the probate thereof. Section 7-117, Burns' 1953 Repl. (Acts 1953, ch. 112, sec. 717, p. 295.) The character of the judgment in a will contest is governed by section 7-121, Burns' 1953 Repl. The only adjudication which a court can make in such a case

is, on the one hand, to refuse or revoke the probate of the will in question or, on the other hand, admit to probate or ratify the probate of the will. No other adjudication by the court is contemplated and clearly the question as to whether appellee by her misconduct has forfeited her right to claim the widow's allowance, which right exists without regard to the will, could not properly be made an issue in the will contest.

We conclude therefore that appellee's plea in abatement does not state good cause why the action should abate.

Judgment is therefore reversed with instructions to sustain appellant's demurrer to the plea in abatement.

Landis, C. J., Arterburn and Emmert, JJ., concur.

Bobbitt, J., dissents with opinion

DISSENTING OPINION

BOBBITT, J.—I dissent from the majority opinion and would deny the petition to transfer for the reasons stated in the Appellate Court opinion by Crumpacker, J., as reported in 132 N. E. 2d 276. See also: Lowe's Rev., Work's Ind. Practice, Vol. 1, Sec. 15.4, p. 583; and Flanagan, Ind. Plead. & Pract., Ch. 28, Sec. 109, "Another action pending," p. 168.

NOTE.—Reported in 135 N. E. 2d 832.