LACHOWICZ ET AL. *v.* MYSLIWY, EXECUTOR.

[No. 20,542. Filed May 13, 1968. Rehearing denied
June 26, 1968. Transfer denied August 22, 1968.]

*Sevald & Sevald,* of Hammond, for appellants.

*Wagner & Malo,* of Hammond, and *A. A. Bochnowski,* of East Chicago, for appellees.

PFAFF, J.—This is a statutory proceeding under Acts 1953, ch. 112, § 605, § 6-605 Burns' 1953 Repl., and Acts 1953, ch. 112, § 606, § 6-606, Burns' 1953 Repl., to construe a portion of the last will and testament of Lottie Lachowicz, deceased.

On April 8, 1960, appellants filed their verified petition in proof of heirship to construe the will of the decedent and to declare the will inoperative, illegal and ineffective concerning the devise of the real estate therein described to Helen Matusiak, one of the appellees herein, and to determine their interests in the real estate, in accordance with the determined construction.

On June 17, 1964, appellants' said petition was denied in words as follows:

"The Petition of Marion Podgorski, et al. having heretofore been submitted and evidence heard and argument heard

thereon, and written brief having been submitted and concluded, and said cause having been taken under advisement for ruling thereon, the Court now being fully advised in the premises now denies the petition of Marion Podgorski, et al."

Appellants then filed their motion for new trial, contending that:

1. The decision of the trial court is contrary to and in violation of §§ 6-605 and 6-606, *supra*.

2. The decision of the trial court is in violation of Article I, §§ 12 and 21, and Article III, § 1, of the Constitution of Indiana, and of the Fourteenth Amendment to the Constitution of the United States.

3. The decision of the trial court is contrary to law.

4. The decision of the trial court is not sustained by sufficient evidence.

Said motion was subsequently overruled, thus giving rise to this appeal.

The facts necessary for a determination of the issues on appeal are as follows:

On September 6, 1957, Lottie Lachowicz executed her last will and testament, which in part provided that:

"FIFTH: After the payment of the expenses of my last illness, the expenses of my funeral and burial, costs and expenses of administration, and payment of the above bequests, I give and devise the following real estate, to-wit:

"Lot Thirty-four (34) and the West one-half of Lot Thirty-five (35), in Block One (1), as marked and laid down on the recorded plat of Larned's Second Addition to the city of Hammond, in Lake County, Indiana,

to HELEN MATUSIAK, in accordance with the provisions and terms of a certain agreement dated September 6, 1957."

The agreement referred to in the aforementioned will provision is as follows:

"AGREEMENT made September 6, 1957, by and between LOTTIE LACHOWICZ (herein called 'LACHOWICZ'), and

HELEN MATUSIAK (herein called 'MATUSIAK'), as follows:

"WHEREAS, LACHOWICZ is advanced in years and wishes to make arrangements for her maintenance, care and support during the remainder of her life and for her proper burial following her death,

"NOW, THEREFORE, in consideration for such arrangement, it is agreed as follows:

"1. LACHOWICZ, immediately upon execution and delivery of this agreement, shall make, publish and declare her last will and testament in the form set forth in Exhibit A hereto annexed and hereby made a part hereof.

"2. MATUSIAK, her husband and daughter shall immediately come and make her home with LACHOWICZ at 1113 Cleveland Street, Hammond, Indiana, and binds herself to maintain, care and support LACHOWICZ, it being understood that such maintenance, care and support is meant and intended to include furnishing and supplying LACHOWICZ with necessary, reasonable and proper food, lodging, nursing care and pleasant, comfortable and congenial surroundings, all as a member of MATUSIAK'S Family, for and during the remainder of LACHOWICZ'S natural life, and also to pay the expenses of her funeral and burial upon her death.

"3. MATUSIAK will pay all taxes, insurance premiums, charges for gas, heating fuel, electricity and water promptly when they become due and payable, and will keep the premises in repair at all times.

"4. LACHOWICZ agrees that she will not sell, mortgage or encumber said real estate described in her last will and testament, or any part thereof, during her lifetime unless compensation is paid to MATUSIAK as hereinafter provided.

"5. In the event that LACHOWICZ shall determine to withdraw from this arrangement or sell, mortgage or encumber her real estate described in said last will and testament, then MATUSIAK shall be compensated at the rate of One Hundred ($100.00) Dollars per month from the date of this arrangement until such withdrawal therefrom or by termination thereof by sale, mortgage or encumbrance. Upon payment of such compensation to MATUSIAK as provided herein, LACHOWICZ shall then have the right to rescind said Last Will and Testament and this agreement shall then be null and void. Upon termination of this arrangement and also upon payment of the compensation as herein pro-

vided, MATUSIAK and her husband shall execute a Quit-Claim Deed relinquishing any right, title and interest in the real estate that she may have acquired by reason of this agreement and any and all other instruments that may be necessary and proper.

"IN WITNESS WHEREOF the parties hereto have hereunto set their hands and seals the day and year first above written.

"/s/   ESTELLE GRESS
      Estelle Gress

"/s/   A. A. BOCHNOWSKI
      A. A. Bochnowski

             her
/s/   LOTTIE (X) LACHOWICZ
_____

    Lottie Lachowicz
             mark
/s/   HELEN MATUSIAK
_____

    Helen Matusiak"

Subsequent to its execution, the said agreement was recorded with the Recorder of Lake County, Indiana.

On September 11, 1957, the parties to the aforementioned agreement entered into a rider to the agreement, which is as follows:

"RIDER TO AGREEMENT DATED SEPTEMBER 6, 1957, by and between LOTTIE LACHOWICZ and HELEN MATUSIAK.

"6. In the event that MATUSIAK shall determine to withdraw from this arrangement, LACHOWICZ agrees to pay the sum of Seventy-five ($75.00) Dollars per month as compensation from the date of commencement of this agreement until such withdrawal.

"7. MATUSIAK shall not make any alterations or permanent improvements in said home unless approved by LACHOWICZ. Upon termination of this arrangement either by LACHOWICZ or MATUSIAK, LACHOWICZ shall refund to MATUSIAK all sums and disbursements made by her for such alterations or improvements in addition to the compensation herein provided.

"8. In the event that LACHOWICZ shall determine to withdraw from this arrangement within one year from September 6, 1957, then she shall pay MATUSIAK the sum of One Hundred Twenty-five ($125.00) Dollars per month as compensation.

"9. Any time that LACHOWICZ shall determine to terminate this agreement and arrangement, she shall give MATUSIAK at least sixty (60) days notice of her intention to do so, and MATUSIAK shall remove her property and her family from said home.

"IN WITNESS WHEREOF the parties hereto have hereunto set their hands and seals this 11th day of September, 1957.

"Witness to mark:

_____

_____

Lottie Lachowicz.

_____

Helen Matusiak."

Shortly after the agreement was consummated the appellee Matusiak, in compliance therewith, moved into the home of Lottie Lachowicz and proceeded to care for and manage her affairs. On September 19, 1957, Lottie Lachowicz died and the appellees remained in possession of her home, thus giving rise to appellants' petition, which was subsequently denied.

Appellants contend that the nature of the proceeding under §§ 6-605 and 6-606, *supra,* gives the petitioners a right to have heirship established, to have the last will and testament construed, and to have the heirs' interest fixed in the decedent's estate. They further allege that this right is not fully effectuated when a petition is denied without any stated determination of the interests of the petitioners, and cite as their authority for said proposition *Crane, Extr., etc.* v. *Burns', etc.* (1956), 235 Ind. 583, 135 N. E. 2d 832, in which the Supreme Court of Indiana stated:

"The proceedings filed in the estate is a special statutory proceedings authorized for the express purpose of determining the interest of all the heirs in the estate. The statute contemplates that by this proceeding, as to the interest of parties in the estate, there should be a total adjudication of the *res*."

In the case at bar the evidence shows that the primary purpose of appellants' petition was to have the court find decedent's last will and testament to be inoperative and invalid as to the devise of real estate in question. It is the opinion of this court that under the circumstances of this case a denial of appellants' petition was sufficient to apprise them of their interests and was not violative of the provisions of either the Constitution of the United States or the Constitution of Indiana.

Other matters are assigned as error, but from our review of the record of the case, none of them disclose error which would cause a reversal of the trial court's decision.

Judgment affirmed.

Cook, P. J., Bierly, Prime and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 610.