## CIRCUIT COURT OF WISE COUNTY

Red River Coal Company

v.

Danny R. Brown, Commissioner,
and Division of Mined Land Reclamation,
Commonwealth of Virginia

September 22, 1987

Case No. C86-78

By JUDGE J. ROBERT STUMP

The Division of Mined Land Reclamation (DMLR) issued a Notice of Violation (NOV) No. 85-67-12 against Red River Coal Company on Thursday, August 8, 1985, charging that a spillway for an inactive surface mine in Wise County had been removed, thereby violating Regulation V816.32(a), a Regulation promulgated pursuant to the Virginia Coal Surface Mining Control and Reclamation Act of 1979, Va. Code Ann. §§ 45.1-226 to 45.1-270.7 (1986 Repl. Vol. and Supp. 1987).

A third party construction company (without the knowledge, control or acquiescence of Red River), while working on a railroad project, had intentionally, but erroneously removed the spillway. On Monday, August 12, 1985, the spillway was repaired.

Red River requested a formal administrative hearing to vacate the NOV on the grounds that a permittee should

not be held to the standard of absolute and strict liability for the actions of a third party without the knowledge or consent of the permittee and in the absence of negligence of permittee. The Hearing Officer vacated the NOV on those grounds.

However, the Commissioner reversed the Hearing Officer on the ground that Va. Code § 45.1-245(B) and Regulation V843.12(a) prevent the overturning of an NOV if the NOV was validly issued. Red River filed this action to overturn the Commissioner's ruling.

Va. Code § 45.1-246, Civil and Criminal Penalties, says in pertinent part, "In determining the amount of the penalty, consideration shall be given to the permittee's history of previous violations at the particular coal surface mining operation. . . ." Regulation V843.13 also provides that a violation can be a basis for a future cessation order if a pattern of violations is shown.

No civil penalties were assessed against Red River by DMLR in this case. The Commissioner said, "The unique circumstances surrounding this case will be considered in future evaluations of violations on this permit."

*Threshold Issue*

The court must decide a threshold question first, and that is, how much consideration or respect must the court give to the decision of the Commissioner?

A basic principle in the judicial review of administrative decisions is that "a court normally should give great weight to administrative interpretations of statutes and regulations that the agency enforces." K. Davis, Administrative Law Treatise, § 7:22 at p. 105 (2d. ed. 1979).

An exception to this rule, however, is when the specialization and expertise of the administrators is not a significant factor in making the interpretation. *Id.* at p. 107 "When the administrative interpretation is not based on expertise in the particular field . . . but is based on general common law principles, great deference is not required." *Id.*, quoting *Jicarilla Apache Tribe v. Federal Energy Regulatory Commission*, 578 F.2d 289, 292-3 (10th Cir. 1978). Another exception is when the administrative interpretation is not longstand-

ing, but is disputed. *W. P. Brown & Sons Lumber Co. v. Louisville & N.R.R. Co.*, 299 U.S. 393, 399 (1937).

Both exceptions are applicable here. The question is not with the technical engineering requirements of the Coal Surface Mining Control and Reclamation Act, but instead with the applicability of a strict liability legal standard. Moreover, no longstanding or undisputed interpretation is available here. Therefore, this court does not give great weight to the decision of the Commissioner.

### First Issue

Does the Commissioner and the court have authority to vacate an NOV? Yes.

The Director relies on language in Va. Code Section 45.1-245(B) and Regulation V843.12(a) that whenever the Director determines that a permittee is in violation of any requirement of the Code or Act, he *shall* issue a Notice of Violation (emphasis added). The Commissioner stated that these sections "mandate the issuance of a NOV," and apparently reasoned, therefore, a NOV may never be vacated under these circumstances. This court disagrees.

In reviewing the Virginia Act and Regulations, there appears ample authority to vacate an NOV once it has been issued. See Va. Code § 45.1-249(A) and (B). Section (B) says, "the Director. . . *shall* issue a written decision, incorporating therein an order *vacating*, affirming, modifying or terminating *the notice*. . . ." Regulation V843.16(c) says "the hearing officer *shall* issue a written decision affirming, modifying, terminating, or *vacating the notice* . . . ." (emphasis mine).

This court construes an NOV analogous to a criminal and a civil warrant alleging certain violations of law by a defendant/permittee, which must be proved after a fair and impartial hearing. Fundamental constitutional due process demands that if these allegations are unfounded and not proved by the appropriate legal standards against the defendant/permittee, then the case/notice should be dismissed/vacated.

Wherefore, this court finds that once an NOV is issued, it may be vacated under appropriate findings and circumstances pursuant to statutory and regulatory authority.

## Second Issue

When an NOV is caused by a third party without fault or wilfulness of the permittee (Red River), will strict liability be imposed on the permittee under existing Virginia Law? No.

The federal act, similar to the Virginia Coal Surface Mining Control and Reclamation Act (§§ 45.1-226 *et seq.*), does not explicitly state any authority that liability for a violation of the act or any of its regulations can be imposed without evidence of fault.

D.M.L.R. cites and relies on a general trend of federal cases embracing the concept of strict liability in the interpretation of other Federal environmental statutes. But these cases are not applicable here, and are rejected by this court as controlling authority.

Although the federal and state acts are similar, the Virginia General Assembly has stated its objective in § 45.1-227, *Findings and policy*, that "[n]othing in this chapter, however, is intended, nor shall be construed, as expressing the Commonwealth's approval of or satisfaction with the *standards* or provisions contained in the regulatory program of the federal act, so as to limit, or affect any suit, action or other proceeding brought by the Commonwealth or any person to invalidate, set aside or modify, in whole, or in part, the federal act or regulations promulgated thereunder." (emphasis mine). Therefore, federal legislative history is not controlling.

Although no cases have been decided construing the particular provision at issue in the Virginia Act, the question of liability without fault has been addressed in similar statutes from other states. These state cases treat regulatory statutes that impose penalties, like the Virginia Act, as penal statutes, and are traditionally strictly construed.

In *Carbide International, Ltd. v. State*, 695 S.W. 2d 653 (Tex. Ct. App. 1985), the Texas court found that the statute in question, which authorized civil penalties as the Virginia Coal Surface Mining Control and Reclamation Act does, is a penal statute that must be construed strictly, and linked this principle to a fault-based standard. The court said at p. 659, "A penal statute. . . must be couched in such explicit terms that the party upon whom

it is to operate may with reasonable certainty ascertain what the statute requires to be done; *otherwise, there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law.*" (emphasis provided by court).

The Virginia Supreme Court in 1979 said in *Cox v. Commonwealth*, 220 Va. 22, 25 (1979), "It is elementary that a penal statute is to be strictly construed against the state and in favor of the liberty of a citizen. 'Such statutes cannot be extended by implication or construction, or be made to embrace cases which are not within their letter and spirit'."

It is this court's opinion that the Virginia Supreme Court would also follow the Texas court reasoning since the civil penalties in the Virginia statute are of the same nature as those in the Texas statutes, that is, punishment for a regulatory violation; and the Virginia statutes also authorize criminal fines for the same violations. See Va. Code § 45.1-246.

*See also Princeton Coal Mining Co. v. Lawrence*, 176 Ind. 463, 95 N.E. 423. The Indiana court equated "any violation" with "simple negligence"; and did not construe "any violation" to mean strict liability and distinguished "willful" from "negligent." That court said at 95 N.E. pp. 426-7:

> "Violation," as therein used, embraces not only acts of omission, but of commission, in failing to do the things which are provided shall be done, and in doing things which it is declared shall not be done -- that is, nonconformity, simple negligence -- and as applied to the whole statute the instances are numerous.
>
> A willful failure implies more than mere nonconformity, inattention, thoughtlessness, or heedlessness, and goes to the intent implied in failing to do the thing after the attention is called to it, or notice given under this statute by the inspector, and implies the intentional and conscious violation and persistent refusal, or neglect, not necessarily with evil or malicious intent; it amounts to more than mere passive negligence; it is active refusal;

it is willful negligence, as evidence of a reckless or indifferent regard to the safety of the miners, and an intentional failure and refusal to perform a plain statutory duty.

Under the facts of this case, Red River was not guilty of willful, reckless or gross negligence; simple negligence; any negligence, which means inadvertent violation unavoidable by the exercise of reasonable care; indifference; lack of diligence; lack of reasonable care; knowing or intentional conduct; nor any act whatsoever. Furthermore, Red River abated the violation caused by a third party without its consent, knowledge, or control, within four days (over a weekend), and should be given credit for good faith in achieving compliance expeditiously. Simply put, Red River was guilty of nothing but good conduct. If ever there was a factual case where strict liability without fault should not be imposed, this is it.

Wherefore, this court construes the questioned Virginia statutes strictly, (both civil and criminal), does not impose liability without fault on Red River, reverses the decision of the Commissioner, reaffirms the holding of the hearings officer, and vacates the NOV.